■ In the Matter of SOUTH BEACH PSYCHIATRIC CENTER, Respondent. Andre R., Appellant. [727 NYS2d 149] —In a proceed-

ing pursuant to Mental Hygiene Law § 9.60 (Kendra's Law) to authorize assisted outpatient treatment, the appeal is from an order and judgment (one paper) of the Supreme Court, Richmond County (Sangiorgio, J.), dated August 4, 2000, which granted the petition.

Ordered that the order and judgment is affirmed, without costs or disbursements.

The petition, along with the affirmation of the examining physician submitted in support thereof, considered in their entirety, state sufficient facts to support the petitioner's belief that the appellant meets each criterion necessary for an order authorizing assisted outpatient treatment as required by Mental Hygiene Law § 9.60 (e) (2) (ii) (*see,* CPLR 402, 3013).

Furthermore, we agree with the Supreme Court's interpretation of Mental Hygiene Law § 9.60 (c) (4) (i), which requires, to obtain an order authorizing assisted outpatient treatment, that "the patient [have] a history of lack of compliance with treatment for mental illness that has: (i) at least twice within the last thirty-six months been a significant factor in necessitating hospitalization in a hospital, or receipt of services in a forensic or other mental health unit of a correctional facility or a local correctional facility, not including any period during which the person was hospitalized or incarcerated immediately preceding the filing of the petition." The appellant interprets this provision as precluding the consideration of his hospitalization immediately preceding the filing of the petition as one of the two required hospitalizations due to noncompliance with treatment within the last 36 months.

Construing all parts of Kendra's Law together, and in light of the Legislative intent (*see, Matter of Pilgram Psychiatric Ctr. [Christian F.],* 197 AD2d 204), which is to provide care for the mentally ill in the community, and to establish treatment programs to prevent decompensation due to noncompliance with treatment for mental illness (*see,* L 1999, ch 408, § 2), we reject the appellant's interpretation of Mental Hygiene Law § 9.60 (c) (4) (i), which would inexplicably require courts to disregard the most recent incident of hospitalization due to noncompliance with treatment, in favor of incidents more remote in time. The statute must be interpreted as excluding the time-period during which a person was hospitalized immediately preceding the filing of the petition for assisted outpatient treatment, from the calculation of the 36-month period during which there must have been at least two hospitalizations due to noncompliance with treatment. This interpretation ensures that a petitioner is not curtailed from seeking an

order for assisted outpatient treatment by a person's lengthy hospitalization immediately preceding the filing of the petition.

Accordingly, the Supreme Court properly determined that the appellant's hospitalization due to noncompliance with treatment which immediately preceded the filing of the petition qualified as one of the two required hospitalizations within the last 36 months under Mental Hygiene Law § 9.60 (c) (4) (i). S. Miller, J. P., McGinity, Luciano and Cozier, JJ., concur.